**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10521 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00026-LRH |
| v. | |
| PHILIP STOTT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted May 15, 2012 [**]

Before:     CANBY, GRABER, and M. SMITH, Circuit Judges.

Philip Stott appeals from the 12-month consecutive sentence imposed

following his guilty-plea conviction for theft and receipt of stolen mail, in violation

of 18 U.S.C. § 1708.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Stott contends that the district court procedurally erred when it ordered his

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sentence to run consecutive to his undischarged state sentence. Specifically, he contends that the district court failed to consult U.S.S.G. § 5G1.3 and its application notes, failed to consider the sentencing disparity allegedly caused by imposition of a consecutive sentence, and relied on a clearly erroneous finding that the state offense was unrelated to the instant offense. The record does not support his contentions. The court was aware of its discretion to impose a concurrent or consecutive sentence, and considered the 18 U.S.C. § 3553(a) sentencing factors before imposing a consecutive term. *See* 18 U.S.C. § 3584; U.S.S.G. § 5G1.3(c); *United States v. Treadwell*, 593 F.3d 990, 1012 (9th Cir. 2010) ("[S]entencing disparity is only one factor a court considers in crafting an individualized sentence under § 3553(a)."). Moreover, the court's finding that there is not a direct relationship between the state conviction and the instant conviction is not clearly erroneous. *See Treadwell*, 593 F.3d at 999.

Scott further contends that his sentence is substantively unreasonable. The record reflects that Stott's sentence is substantively reasonable in light of the totality of the circumstances and the section 3553(a) sentencing factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**